**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| KATE COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-1129 |
| | ) |
| ALLY FINANCIAL, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KATE COLLINS, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of ALLY FINANCIAL, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Salem, Marion County, Illinois.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a resident of Salem, Marion County, Illinois.

6. Defendant is based in the City of Philadelphia, Philadelphia.

## FACTUAL ALLEGATIONS

7. On or around July 11, 2017, Defendant began placing collection calls to Plaintiff's cellular telephone number ending in 9199 to collect on a debt not owed by Plaintiff.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect an alleged debt that Plaintiff does not owe.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone number: 855-870-7128.

11. The following telephone number is Defendant's phone number: 855-870-7128.

12. On or about August 3, 2017, Plaintiff called Defendant and spoke with one of Defendant's representatives.

13. During the aforementioned conversation, Plaintiff informed Defendant's representative that she did not have a loan with Ally.

14. During the aforementioned conversation, Defendant's representative offered to remove Plaintiff's number from Defendant's system and Plaintiff accepted the offer, stating that she did not want to receive any more calls from Defendant.

15. During the aforementioned conversation, Plaintiff requested that Defendant stop calling her.

16. During the aforementioned conversation, Defendant told Plaintiff that she should not receive any more calls from Defendant.

17. Despite Defendant's promise to remove Plaintiff from Defendant's system and Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to

call Plaintiff's cellular telephone.

18. On September 13, 2017, Defendant's representative, Becky, left a voicemail message on Plaintiff's cellular telephone in an attempt to reach "Andrew Caruso."

19. On September 13, 2017, Agruss Law Firm, LLC, mailed a representation and cease-and-desist letter to Defendant requesting Defendant stop calling Plaintiff's cellular telephone.

20. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

21. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

22. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

23. At no point did Defendant have permission to call Plaintiff's cellular telephone.

24. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

25. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

26. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

27. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

28. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to store telephone numbers.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

36. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

37. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

38. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;
   b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

39. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, KATE COLLINS, respectfully requests judgment be entered against Defendant, ALLY FINANCIAL, INC., for the following:

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

43. Any other relief that this Honorable Court deems appropriate.

DATED: October 20, 2017  RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    IL State Bar #: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff